OTTO MEYER, APPELLEE, V. JOHN ENGLISH, APPELLANT.

FILED JANUARY 9, 1909. No. 15,424.

Animals: TRESPASS: DEFENSE: DAMAGES. In a suit for damages to crops injured at different times by trespassing animals, defendant may plead and prove a partial defense extending to damages resulting from plaintiff's negligence and breach of contract to repair fences, and plaintiff may recover other damages for which defendant is liable, where the evidence contains proper data for admeasurement thereof.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Berge, Morning & Ledwith,* for appellant.

*W. C. Frampton, contra.*

ROSE, J.

Defendant's cattle trespassed upon land cultivated by plaintiff, and the latter brought this suit to recover resulting damages in the sum of $200 to growing crops, garden, hay and grain, between May 1, 1905, and March 1, 1906. In addition to a general denial, defendant answered in substance that, during the grazing season of 1905, cattle owned by both parties and others were pastured by defendant in a field separated from plaintiff's land by a division fence which plaintiff in consideration of a reduced rate for pasturage agreed to keep in repair, and that whatever damage may have been caused by cattle breaking through the division fence into plaintiff's premises was due to the carelessness and negligence of plaintiff in failing to keep it in repair, according to the terms of his agreement. The making of this contract was denied by plaintiff in his reply. He also denied that defendant pastured his cattle at a reduced rate. The case was tried to a jury. Plaintiff adduced evidence to the effect that the cattle frequently broke into his premises during the summer and fall of 1905 and winter of 1906;

that his garden and crops were damaged in the summer; and that alfalfa in the stack, sweet corn in the shock and matured corn in the field were destroyed in the fall and winter. Though plaintiff admitted in his testimony that the cattle at times had broken into his crops through the division fence, he stated positively they had often broken in elsewhere, and in this he was corroborated by other witnesses. Defendant and a number of his witnesses testified that plaintiff entered into the agreement to repair the division fence, as pleaded in the answer. Plaintiff recovered a judgment for $110. Defendant appeals.

It is argued by defendant that there should have been no recovery against him, since he is not liable for damages caused by the animals breaking into plaintiff's premises through the division fence which plaintiff agreed to keep in repair, and that from plaintiff's testimony the jury were unable to separate the damages for which defendant was not liable from the damages for which he was liable, if any. In arguing these points defendant assails, as inapplicable to the evidence and as erroneous, the following instruction given by the trial court to the jury: "In the event you find from the evidence that the defendant's cattle, or those being pastured by him, did break through the pasture fence and damage plaintiff's crops, then plaintiff would be entitled to recover such damage, not due to his own negligence, as you find from the evidence he suffered on that account, unless you further find from the evidence that plaintiff had agreed to keep said fence in repair, and that he did not do so, and the damage suffered was due entirely to plaintiff's own neglect in that particular, in which event you will find for the defendant. Any such damage as you find from the evidence plaintiff suffered by reason of the trespass of defendant's stock on account of said stock breaking out elsewhere than where defendant claims plaintiff was to keep up the fence, plaintiff can recover in any event." Defendant's criticism of this instruction, as already indicated, is based on the assertion that it permitted a re-

covery against him on proofs which afforded no basis for separating the damages attributable to plaintiff's negligence from other damages. This point has no substantial foundation in the record.

Plaintiff's evidence showed that after the latter part of November, and after defendant had taken the cattle out of the pasture and transferred them to stalks, they destroyed about 8 tons of alfalfa, of the value of $8 a ton; 30 shocks of sweet corn, of the value of 50 cents a shock; and 5 acres of corn in the field, averaging 50 bushels to the acre, of the value of 37 cents a bushel. The aggregate of these items of damage exceeds the amount of the verdict. There was also direct testimony from which the jury might properly find that the corn in the field was destroyed during the winter of 1905 and 1906, and that the alfalfa and sweet corn were destroyed by defendant's cattle on plaintiff's premises after the stock had been taken out of the pasture in the latter part of November, and after plaintiff's obligation to repair the division fence between his land and defendant's pasture had terminated. On these proofs and defendant's evidence the jury, under the instruction quoted, were permitted to find in favor of defendant on his partial defense that whatever damage may have been caused by cattle breaking through the division fence was due to plaintiff's negligence, and at the same time find in favor of plaintiff for whatever damage he sustained in the fall and winter, after the cattle had been removed from the pasture, and when he was under no obligation to keep the division fence in repair. The instruction, under the separate items and dates disclosed by the evidence, furnished a proper basis for the admeasurement of damages. It is applicable to the evidence, and is not open to defendant's criticism.

Defendant in his brief has also directed attention to a number of rulings on the admission of evidence, but an examination of the record discloses no error requiring a reversal, and the judgment is

AFFIRMED.

DEAN, J., not sitting.